UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA BOBBIN, in her capacity as Plenary Guardian of Carlo Daniel Laudadio, an incapacitated adult,

       Plaintiff,

v.                                           Case No: 2:14-cv-158-FtM-29MRM

CORIZON HEALTH, INC., NATALIA SAUNDERS, H.S.A., JANICE STEPNOSKI, L.C.S.W., WALTER CARL MORRIS, RN, NOEL DOMINGUEZ, M.D., ANDREW PAUL SAFRON, III, D.O., SVOBODA MARIA HOLT, LMHC, JANET JOAN MEMOLI, RN, MIKE SCOTT, in his official capacity as Lee County Sheriff, PAUL A. PAVESE, Sergeant, and RODNEY K. PAYNE, Deputy, individually,

       Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on defendant Noel Dominguez, M.D.'s Motion for Summary Judgment (Doc. #57), filed on December 24, 2014. The plaintiff filed a Response in Opposition and Cross-motion for Summary Judgment (Doc. #62) on January 21, 2015. The defendant filed a Reply (Doc. #67) on February 5, 2015. Plaintiff's filed a Supplemental Authority in Opposition (Doc. #92) on June 19, 2015. This matter is ripe for review.

This case was filed in state court on January 3, 2014, and was removed to this Court on March 18, 2014. (Docs. #1, #1-1.) The Court dismissed portions of the First Amended Complaint (Doc. #49), following which the plaintiff filed a Second Amended Complaint (Doc. #50), which is now the operative pleading. Plaintiff asserts a medical malpractice claim against defendant Noel Dominguez M.D. (Dominguez) in Count V of the Second Amended Complaint. Dominguez moves for summary judgment on Count V.

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

The pertinent, undisputed facts are as follows:  On October 14, 2011, Carlo Daniel Laudadio (Laudadio) was arrested for a violation of probation and booked into the Lee County Jail. (Doc. #50, ¶ 37; Doc. #57, p. 2; Doc. #62, p. 7.)  On October 19, 2011, while in custody, Laudadio hanged himself with his jumpsuit. (Doc. #50, ¶ 58.)  As a result of the incident, Laudadio's brain was

deprived of oxygen for a sufficient time to result in anoxic brain injury, which has rendered him wholly dependent upon the care of others. (Id. ¶ 59.)

On March 26, 2012, plaintiff Christina Bobbin (plaintiff), Laudadio's biological sister, was appointed plenary guardian of the person and property of Laudadio and obtained a Court Order authorizing her to file a lawsuit on his behalf. (Doc. #50-1; Doc. #50-2.) On August 5, 2013, Plaintiff served defendant Corizon with a Notice of Intent to Initiate Litigation for Medical Malpractice. (Doc. #56-1.) On August 1, 2013, Plaintiff filed a Petition for 90-Day Extension. (Doc. #62-1, ¶ 4.) Plaintiff served Dominguez with a Notice of Intent to Initiate Litigation for Medical Malpractice on June 23, 2014. (Doc. #62-1; Doc. #56-2, p. 2.)

### III.

Count V asserts a claim for medical negligence against Dominguez. Dominguez asserts that he is entitled to summary judgment on Count V because plaintiff failed to comply with the presuit notice requirement of a medical malpractice claim within the statute of limitations period. Plaintiff seeks summary judgment in her favor on this same issue.

Florida Statute § 766.106 - part of the Comprehensive Medical Malpractice Reform Act of 1985 - identifies medical negligence or medical malpractice claims as those "arising out of the rendering

4

of, or the failure to render, medical care or services." Fla. Stat. § 766.106(1)(a), (2015). A claimant must comply with certain procedural requirements prior to initiating a lawsuit, including providing the defendant with a notice of intent to sue and conducting presuit screening. Id. at §§ 766.106(2) and 766.203(2). "No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant." Id. at § 766.106(3)(a). These requirements are conditions precedent to maintaining a suit for medical malpractice. Univ. of Miami v. Wilson, 948 So. 2d 774, 776 (Fla. 3d DCA 2006). A complaint alleging medical malpractice is properly dismissed if these provisions are not satisfied. Goldfarb v. Urciuoli, 858 So. 2d 397, 398-99 (Fla. 1st DCA 2003).

A plaintiff is typically afforded leave to amend, however, if the statutory period for initiating suit has not "run before the plaintiff attempts to fulfill the presuit notice or screening requirements." Southern Neurological Assocs., P.A. v. Fine, 591 So. 2d 252, 255 (Fla. 4th DCA 1991). Thus, if Plaintiff's suit is one for malpractice rather than ordinary negligence and if the medical defendants are "health care providers" plaintiff's suit should be dismissed with leave to file a new complaint after complying with the statutory prerequisites to bringing suit.

The Court acknowledges plaintiff's June 20, 2014, presuit notice to Dominguez occurred after litigation had already begun in

violation of the presuit requirements of Fla. Stat. § 766.106(2). However, plaintiffs are entitled to cure this type of defect provided that the two-year limitation period has not run. <u>Smith ex rel Ashley v. Brevard Cnty., Fla.</u>, No. 6:06-CV-715-ORL-31JGG, 2006 WL 2355583, at *8 (M.D. Fla. Aug. 14, 2006). Therefore, the Court must determine when plaintiff's two year limitation period expired.

### 1. Statute of Limitations

Plaintiff asserts that the statute of limitations did not begin to run until she was named guardian on March 26, 2012. Plaintiff further asserts that she is entitled to a ninety (90) day extension for the statutory Petition for 90-day Extension that was filed on August 1, 2013 (Doc. #35-1, p. 34), and another ninety (90) day extension for the service of the Notice of Intent served on Corizon on August 5, 2013. Thus, plaintiff alleges the statute of limitations did not run until after September 22, 2014. Accordingly, plaintiff contends that the June 23, 2014 notice of intent served on Dominguez was timely.

In his Reply, Dominguez asserts that November 11, 2011, is the proper start of the limitations period because that is when plaintiff's counsel took action to inquire into the potential liability of this case. (Doc. #67, p. 3.) Dominguez contends that even if plaintiff is granted the ninety (90) days for presuit period and an additional ninety (90) days for the purchased

6

extension, the statute of limitations ran on May 10, 2014, and thus, the notice served on Dominguez on June 23, 2014, was untimely.

"An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence . . . ." § 95.11(4)(b), Fla. Stat. (2010). In Tanner v. Hartog, 618 So. 2d 177 (Fla. 1993), the Florida Supreme Court held that, to trigger this statute, the plaintiff must have both knowledge of the injury and "knowledge that there is a reasonable possibility that the injury was caused by medical malpractice." Id. at 181 (footnote omitted). Such knowledge may not be imputed, however, to an adult who has no ability to be consciously aware of such injury. Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2d DCA 1992). Thus, where the victim was blind, deaf, and senile, he could not "discover" the action, and notice could not be imputed to him to commence the running of the statute of limitations. Id.

Where the victim of the malpractice is an adult, knowledge of another cannot be imputed to him unless that person has a legal duty, such as a guardian's duty, to protect the ward's interest. In Thomas v. Lopez, 982 So. 2d 64, 68 (Fla. 5th DCA 2008), the court held that, even if the victim's mother knew of malpractice,

7

her knowledge could not be imputed to her unconscious adult daughter prior to the mother's appointment as plenary guardian, because the mother had no duty to pursue medical malpractice until her appointment. Likewise, the court in Barrier v. JFK Med. Ctr. Ltd. P'ship, No. 4D13-3041, ___ So. 3d ___, 2015 WL 3759641, at *5 (Fla. 4th DCA, June 17, 2015), found that the knowledge the emergency temporary guardian had about the possibility of medical malpractice should not be imputed to the ward to commence the running of the statute of limitations. Rather, "knowledge may be imputed from the date a permanent plenary guardian is appointed." Id.

It is undisputed the Laudadio has been an incapacitated adult since the October 19, 2011 incident. Plaintiff was appointed plenary guardian on March 26, 2012. The Court finds that the statute of limitations did not begin to run until that time. Therefore, the statute of limitations would have expired on March 26, 2014. However, the Plaintiff was provided two ninety (90) day extensions which are not contested by Dominguez. Thus, the statute of limitations period did not expire until September 22, 2014. Dominguez was served a notice of intent on June 23, 2014. The Court finds that this is within the statute of limitations period.[1]

---

[1] Because the Court finds plaintiff's June 23, 2014, notice of intent was timely, the Court finds no need to determine whether plaintiff's notice of intent sent to Corizon on August 5, 2013, was imputed to Dominguez.

8

Accordingly, the plaintiff cured the presuit defect before the statute of limitations had expired.

**2. Presuit Notice**

Despite the timely presuit notice to Dominguez, the plaintiff's June 23, 2014 notice of intent was still filed after litigation had already been initiated in violation of Fla. Stat. § 766.106(2). Therefore, the Court must now determine whether plaintiff has cured this defect.

The remedy for failure to comply with the statutory prerequisites to bringing suit is dismissal with leave to amend. Southern Neurological Assoc., P.A. v. Fine, 591 So. 2d at 255. This Court dismissed plaintiff First Amended Complaint on October 29, 2014. (Doc. #49.) Plaintiff filed a Second Amended Complaint on November 12, 2014.[2] (Doc. #50.) Consequently, at the time of filing the Second Amended Complaint, plaintiff had complied with the statutory presuit notice requirement by serving Dominguez with a notice of intent on June 23, 2014. Therefore, the Court finds that plaintiff has satisfied the presuit notice requirements of Fla. Stat. § 766.106(2).

Accordingly, it is now

---

[2]Where a complaint and presuit notice are served within the applicable statute of limitations, "the plaintiff may subsequently (even after expiration of the statutory period) file an amended complaint asserting compliance with the presuit screening process. Stebilla v. Mussallem, 595 So. 2d 136, 139 (Fla. 5th DCA 1992).

**ORDERED:**

1. Defendant Noel Dominguez, M.D.'s Motion for Summary Judgment (Doc. #57) is **DENIED**.

2. Plaintiff's Cross-Motion for Summary Judgment (Doc. #62) is **GRANTED** to the extent set forth herein.

**DONE** and **ORDERED** in Fort Myers, Florida this ___11th___ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record

10