UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Christina Bobbin, in her capacity                     Civ. No. 2:14-158-FtM-PAM-MRM
as Plenary Guardian of Carlo
Daniel Laudadio, an incapacitated
adult,

                            Plaintiff,

v.                                                                                **ORDER**

Corizon Health, Inc., formerly
known as Prison Health Services,
Inc.; Janice Stepnoski, L.C.S.W.;
Walter Carl Morris, R.N.; and
Janet Joan Memoli, R.N.;

                            Defendants.
_____

          This matter is before the Court on the parties' Motions in Limine.  This case is on

the Court's February 2017 trial calendar (Docket No. 275).

**A.      Prior Federal Cases Involving Defendants**

          Defendants ask the Court to preclude Plaintiff from mentioning two previous cases

brought against Corizon's predecessor, Prison Health Services, complaining of treatment

of inmates at the Lee County Jail.  Defendants acknowledge that to succeed on her

§ 1983 claims against Corizon, Plaintiff must establish a policy, custom, or practice that

amounts to deliberate indifference.  According to Defendants, the two prior cases at issue

are too dissimilar from the facts of this case to be relevant, and the admission of evidence

regarding these cases will be unduly prejudicial.

There is no doubt that the facts of the prior cases, and specifically the <u>Christie</u> matter over which this Court presided, are egregious and show Corizon in a very negative light.  Rule 403 does not prohibit any negative evidence, however, but only evidence that is unduly prejudicial or evidence whose prejudicial effect substantially outweighs its probative value.

Although the facts of the two prior cases are not identical to the instant matter, there are parallels between <u>Christie</u> and this case that make the facts of <u>Christie</u> potentially relevant to Plaintiff's claim of an unconstitutional policy or practice here.

The Court is not as familiar with the facts of the <u>Fields</u> matter.  Plaintiff contends that it is relevant because it included a punitive damage award against Corizon for failure to provide medical care.  The Court is reluctant to allow a jury to hear evidence regarding the imposition of punitive damages in a different matter.  Such evidence has the potential to be unduly prejudicial, especially in a case involving facts very different from those here.

The Court will allow Plaintiff to discuss the <u>Christie</u> matter with the jury, subject to any objections Defendants may make during the trial.  The Court will exclude mention of <u>Fields</u> at this time, subject to an offer of proof as to <u>Fields</u>'s relevance to the issues before the jury.

## B.    Character Evidence and Comparative Fault

Plaintiff asks the Court to preclude Defendants from presenting evidence regarding Laudadio's character—former crimes, his wife's accusations that he abused her, and the like.  Defendants respond that they will not introduce any such evidence

unless it becomes relevant to do so, and at that time will discuss the issue with the Court outside the presence of the jury.  The Motion is therefore denied as moot, but without prejudice to the parties' ability to raise this issue should the evidence warrant it.

Plaintiff also seeks to exclude comparative-fault evidence.  Defendants claim that the comparative fault of other individuals is relevant and admissible.  But as the Court recently determined, Defendants did not establish a basis on which to amend their Answer to include the comparative fault of dismissed Defendants.  (Docket No. 294.) Any mention of the supposed negligence of these Defendants is likely to confuse the jury.

Because the conduct of the dismissed Defendants or other individuals may become relevant, however, the Court will grant this portion of the Motion without prejudice to further argument during trial.  If the evidence becomes relevant, Defendants should, of course, present argument regarding its admission outside the presence of the jury.

## C.      Past Suicide Attempts

Plaintiff asks the Court to preclude Defendants from arguing that Laudadio's suicide attempt was not genuine, and that he only attempted suicide to manipulate staff at the jail.  Plaintiffs also seek to exclude mention of Laudadio's prior suicide attempts in support of any argument that Laudadio did not intend to commit suicide on October 19, 2011, but was instead trying to manipulate jail staff.

Defendants respond that Laudadio's history of threatening suicide in an effort to manipulate others is relevant to how the Medical Defendants should have responded to Laudadio's statements regarding self-harm during his October 2011 detention.  If nothing else, Defendants contend, it is relevant as habit evidence under Rule 406.

But Defendants also argue that they did not know of Laudadio's history of threatening suicide, falsely or not. That history is thus irrelevant to prove any of Plaintiff's claims here. Only if Defendants knew of Laudadio's specific history of allegedly threatening suicide for manipulative purposes is that history relevant in any way to their reaction to Laudadio's threats in October 2011.

At most, the medical records available to Defendants showed only that Laudadio had been hospitalized on a Baker Act hold in September 2011. Those records also allegedly contained references to one or two previous incarcerations with suicidal threats. There is no argument from Defendants that the records in any way discussed or even suggested that Laudadio had previously falsely threatened suicide.

As the proponent of the alleged false-threat evidence, it is Defendants' burden to establish its relevance. Because the record does not reflect that these particular Defendants knew of the alleged false-threat history, the evidence is irrelevant to Plaintiff's claims. Plaintiff's Motion on this point is granted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.  Defendants' Motion regarding prior cases (Docket No. 240) is **DENIED** without prejudice as moot;

2.  Plaintiff's Motion regarding character evidence (Docket No. 248) is **DENIED** without prejudice in part and **GRANTED** without prejudice in part; and

4

3.      Plaintiff's Motion regarding past suicide attempts (Docket No. 279)

        is **GRANTED**.


Dated:  January 31, 2017

                                        _s/Paul A. Magnuson_
                                        Paul A. Magnuson
                                        United States District Court Judge